IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD D. KENNEDY, #196 984, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER DUNN, ALABAMA )<br>(D.O.C.), )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:19-CV-34-MHT<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed on January 9, 2019 by Richard Kennedy, who is incarcerated at the Elmore Correctional Facility in Elmore, Alabama. Kenney alleges that (1) he does not have access to the law library; (2) he is subjected to unconstitutional conditions of confinement at Elmore because of overcrowding and violence among inmates; (3) the Alabama Board of Pardons and Paroles should be abolished for violating the Eighth Amendment by imposing excessive punishment on inmates serving life sentences; and (4) there should be a cap on life sentences because there is no distinction between life sentences and sentences of life without the possibility of parole due to the unlimited power of the parole board. Doc. 1.

Upon initiating this case, Kennedy filed a motion for leave to proceed *in forma pauperis*. Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury."³ Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Kennedy, while incarcerated or detained, has on three or more occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous or malicious.¹ The actions on which this court relies in finding a § 1915(g) violation by Kennedy are: (1) *Kennedy v. Lockett*, No. 1:08-cv-169-CG-M (S.D. Ala. 2008) (frivolous and appeal dismissed as frivolous); (2) *Kennedy v. Reese*, No. 2:09-cv-275-TMH-CSC (M.D. Ala. 2009) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i–iii) and appeal dismissed as frivolous); (3) *Kennedy v. Union Planters*, No. 1:00-cv-353-CB-M (S.D. Ala. 2000) (frivolous); and (4) *Kennedy v. Albach*, No. 1:00-cv-470-AH-M (S.D. Ala. 2001) (frivolous).

Kennedy has more than three strikes and, therefore, he may not proceed *in forma pauperis* in this case unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of ***present imminent danger*** indicating that a serious physical injury will result if his claims are

---

³ In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."
¹ The court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

not addressed." *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action"); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Upon review of the complaint, the court finds that Kennedy has failed to demonstrate he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

      The court therefore concludes that this case is due to be summarily dismissed without prejudice because Kennedy failed to pay the requisite filing fee upon his initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

not addressed." *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action"); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Upon review of the complaint, the court finds that Kennedy has failed to demonstrate he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

The court therefore concludes that this case is due to be summarily dismissed without prejudice because Kennedy failed to pay the requisite filing fee upon his initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED;

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing fee upon initiation of this case.[2]

It is further ORDERED that **on or before May 22, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 8th day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Consistent with the recommendation for dismissal, the Magistrate Judge recommends that the pending Motion in Support of Request for Counsel (Doc. 3), Motion for Discovery of D.O.C. Records (Doc. 4), and Motion for Status and Hearing (Doc. 5) be denied.