# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD D. KENNEDY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:19cv34-MHT |
| | ) | (WO) |
| COMMISSIONER DUNN, ALABAMA | ) | |
| (D.O.C.), | ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION

Plaintiff, a state prisoner, filed this lawsuit challenging his lack of access to a law library; overcrowded and violent prison conditions; the parole board's practice of denying parole for prisoners sentenced to life imprisonment, which he contends violates the Eighth Amendment; the parole board's denial of due process to prisoners seeking parole by reliance on inaccurate information; and the lack of cap on the length of life sentences. While styled as a "habeas corpus petition," the United States Magistrate Judge construed the lawsuit as a complaint seeking

relief under 42 U.S.C. § 1983.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's motion for leave to proceed in forma pauperis be denied and plaintiff's case dismissed without prejudice under the "three strikes" provision of 28 U.S.C. § 1915(g) for failure to pay the filing fee upon initiation of the case.  Also before the court are plaintiff's objections to the recommendation, in which he objects that the "three strikes" provision should not apply because his lawsuit is a habeas petition, not a § 1983 lawsuit, and because he is in imminent danger of suffering a serious physical injury.

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted.  While plaintiff styled his complaint as a habeas petition, the magistrate judge was correct to construe it as a § 1983 complaint, as it

(a) focuses on prison conditions, and (b) challenges the constitutionality of the parole board's procedures in general, and seeks as relief abolishment of the parole board or reformation of its practices, rather than plaintiff's immediate release from prison. *See Wilkinson v. Dodson*, 544 U.S. 74 (2005). To the extent plaintiff seeks to challenge the validity or duration of his sentence, he may file a habeas application in the federal court that has jurisdiction to entertain his petition. *But see* 28 U.S.C. § 2244(b)(3)(A) (regarding successive federal habeas petitions).

An appropriate judgment will be entered.

DONE, this the 6th day of June, 2019.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**